**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| RAFAEL RODRIGUEZ, Individually and on Behalf of All Others Similarly Situated, ) ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE NO. |
| vs. ) | |
| ) | |
| CASTFORCE, INC. ) | |
| ) | |
| Defendant. ) | JURY TRIAL DEMANDED |
| ) | |

## COMPLAINT

COMES NOW Plaintiff Rafael Rodriguez, by and through his attorneys, and asserts his claims against Defendant Castforce, Inc., under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq., for due but unpaid minimum and overtime wages and other relief on the grounds set forth as follows:

## INTRODUCTION

1.

This is an action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. 201, et seq. by Plaintiff, a former Retail Merchandiser employed by Defendant Castforce, Inc., based on Defendant's policy and practice of misclassifying all Retail Merchandisers as independent contractors and therefore

exempt from the FLSA's minimum wage and overtime pay requirements. As a result, Plaintiff and all other Retail Merchandisers regularly received less than $7.25 per hour during each workweek and regularly worked in excess of forty (40) hours per workweek without receiving overtime wages as required by the FLSA.

2.

Plaintiff asks this Court to certify a collective of similarly situated individuals, to wit, all Retail Merchandisers who have worked for Castforce, Inc., within three years prior to the filing of this Complaint and who consent in writing to their inclusion in a collective action.

3.

Plaintiff's Consent to Serve as a Plaintiff Representative in this FLSA action is filed herewith as Exhibit A.

**JURISDICTION AND VENUE**

4.

The jurisdiction of this Court is proper pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because a substantial portion of the events giving rise to the claims herein

arose in this judicial district and Defendant regularly conducts business in this judicial district.

## **PARTIES**

6.

Plaintiff Rafael Rodriguez is a natural person and current employee of Defendant.

7.

Defendant Castforce, Inc. is a foreign corporation existing under the laws of the State of Florida.

8.

Defendant is subject to the jurisdiction of this Court by virtue of its business activities in this district.

9.

Defendant may be served with process via service on its registered agent, Russell C. Weigel, III, 5775 Blue Lagoon Drive, Suite 100, Miami, FL 33126.

10.

Defendant is subject to the personal jurisdiction of this Court.

## FACTUAL ALLEGATIONS COMMON TO THE PLAINTIFF
## AND THE CLASS HE REPRESENTS

11.

Plaintiff brings this action on behalf of himself and all other similarly situated present and former employees of Defendant (those holding the job title or performing the job duties of a Retail Merchandiser) who consent to the representation, pursuant to 29 U.S.C. § 216(b).

12.

Defendant represents itself as a "network for independent contractors dedicated to providing professional retail services."

13.

In reality, Defendant hires hundreds of unskilled workers to travel to retail locations that sell the products of its clients and re-stock and organize the retail displays containing its clients' products (e.g., sunglasses, gift cards, cosmetics, and packaged foods).

14.

Defendant has employed Plaintiff as a Retail Merchandiser since 2011.

15.

As a Retail Merchandiser, Plaintiff's duties, and those of the class he represents, include traveling to retail locations that sell the products of Defendant's clients and re-stock and organize the retail displays containing its clients' products.

16.

The retail locations that Defendant's Retail Merchandisers travel to include, but are not limited to, CVS, Walgreens, Rite Aid, Walmart, HEB, Kroger, 7Eleven, and Albertsons.

17.

Defendant provides Plaintiff and all members of the class he represents with the basic materials necessary to perform their duties, namely merchandise to be displayed, instructions for each job, and a web-based portal for communicating with Defendant about each completed job and for viewing relevant work orders, invoices, and calendars.

18.

Plaintiff and all members of the class he represents do not solicit clients themselves, and all their efforts are directed at serving the existing clients of Defendant.

19.

The only materials provided by Plaintiff related to his work for Defendant are a laptop computer and his car. While Plaintiff uses a computer to access Defendant's web-based portal and communicate with Defendant, it is equally possible to do that with a typical smart phone.

20.

Defendant places limits on the number of jobs that Plaintiff and all members of the class he represents may work in a given period.

21.

Defendant requires Plaintiff and all members of the class he represents to work a minimum number of jobs within a given time period to continue their employment.

22.

Plaintiff and all members of the class he represents do not take on any risk of failure in connection with their work for Defendant.

23.

Plaintiff and all members of the class he represents do not make any significant investments in connection with their work for Defendant.

24.

Defendant provides detailed instructions and guidelines to Plaintiff and all members of the class he represents for performance of all work-related duties.

25.

Defendant was and is an "employer" of Plaintiff and the class he represents as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

26.

Defendant is an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1) and has been in each of the years 2012, 2013, 2014 and 2015.

27.

In 2012, Defendant had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

28.

In 2012, Defendant had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

29.

Upon information and belief, in 2012, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

30.

In 2013, Defendant had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

31.

In 2013, Defendant had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

32.

Upon information and belief, in 2013, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

33.

In 2014, Defendant had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

34.

In 2014, Defendant had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

35.

Upon information and belief, in 2014, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

36.

In 2015, Defendant had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

37.

In 2015, Defendant had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

38.

Upon information and belief, in 2015, Defendant will have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

39.

Plaintiff and the class he represents were and/or are "employee[s]" of Defendant as defined in 29 U.S.C. § 203(e)(1).

40.

Plaintiff and the class he represents were paid on a fee basis and were not paid an hourly rate.

41.

The work done by Plaintiff and the class he represents was an integral and essential part of Defendant's business.

42.

At all times material hereto, the position of Retail Merchandiser required no special skills, training, or knowledge.

43.

At all times material hereto, the position of Retail Merchandiser did not require a professional license.

44.

At all times material hereto, the position of Retail Merchandiser did not require a four-year college degree.

45.

As a Retail Merchandiser, Plaintiff and the class he represents did not supervise or manage two or more full-time employees or their equivalent.

46.

As a Retail Merchandiser, Plaintiff and the class he represents spent the majority of their time traveling and working in the field at various retail locations.

47.

Defendant does not compensate Plaintiff and all members of the class he represents in any way for travel time or mileage.

48.

Defendant does not compensate Plaintiff and all members of the class he represents such as to reflect the anticipated or actual time spent on a specific job.

49.

Defendant does not track the actual hours worked or traveled by Plaintiff and all members of the class he represents.

50.

Defendant frequently refuses to pay Plaintiff and all members of the class he represents when it determines that certain requirements have not been met (e.g., submitting a photo of completed work).

51.

Plaintiff's typical work hours for Defendant range from approximately 30 hours per week to 60 hours per week.

52.

During the busy season from October through early January, Plaintiff regularly worked well in excess of 40 hours during the large majority of workweeks.

53.

On information and belief, other Castforce, Inc. Retail Merchandisers also regularly worked in excess of 40 per week, especially during the busy season from October through early January.

54.

At all times material hereto, Plaintiff and the other Retail Merchandisers were not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

55.

At all times material hereto, Plaintiff and the other Retail Merchandisers were not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

56.

At all times material hereto, Defendant did not employ Plaintiff or the other Retail Merchandisers in a bona fide professional capacity within the meaning of 29 USC § 213(a).

57.

At all times material hereto, Defendant did not employ Plaintiff or the other Retail Merchandisers in a bona fide administrative capacity within the meaning of 29 USC § 213(a).

58.

At all times material hereto, Defendant did not employ Plaintiff or the other Retail Merchandisers in a bona fide executive capacity within the meaning of 29 USC § 213(a).

59.

Defendant has failed to meet the requirements for any of the exemptions from application of the minimum wage requirements of the Fair Labor Standards Act under 29 U.S.C. §§ 206 or 213.

60.

Defendant has failed to meet the requirements for any of the exemptions from application of the overtime wage requirements of the Fair Labor Standards Act under 29 U.S.C. §§ 207 or 213.

61.

Plaintiff and each member of the class he represents were/are required to be compensated by Defendant at a rate of no less than $7.25 for every hour worked in any given workweek.

62.

Plaintiff and each member of the class he represents were/are required to be compensated by Defendant at time-and-one-half of his/her regular rate for all hours worked in excess of forty (40) in any given workweek.

63.

Defendant knew or should have known that Plaintiff and the class he represents were not exempt from the minimum wage requirements of the FLSA when they misclassified Retail Merchandisers as exempt.

64.

Defendant knew or should have known that Plaintiff and the class he represents were not exempt from the overtime pay requirements of the FLSA when they misclassified Retail Merchandisers as exempt.

65.

Upon information and belief, by classifying Retail Merchandisers as exempt from the minimum wage and overtime pay requirements of the FLSA, Defendant have not relied on any letter ruling from the Department of Labor indicating that such practice was permitted under the FLSA.

66.

Upon information and belief, by classifying Retail Merchandisers as exempt from the minimum wage and overtime pay requirements of the FLSA, Defendant have not relied on any legal advice indicating that such practice was permitted under the FLSA.

67.

Defendant have failed and refused to adequately compensate Plaintiff and the class he represents at the legally required rate of $7.25 per hour for all hours worked per workweek, and have willfully refused to rectify that situation.

68.

Defendant are liable to Plaintiff and to each member of the class he represents for compensation for all unpaid minimum wages.

69.

Defendant have failed and refused to adequately compensate Plaintiff and the class he represents at the legally required rate of time and one half of his/her regular rate for all hours worked in excess of forty (40) in any and every given workweek, and have willfully refused to rectify that situation.

70.

Defendant are liable to Plaintiff and to each member of the class he represents for compensation for any and all time worked over forty (40) hours per week at the rate of time and one half of his/her regular hourly rate.

71.

Defendant's conduct constitutes willful violations of 29 U.S.C. §§ 206, 207 and 215 of the FLSA, entitling Plaintiff and the class he represents to all relief afforded under the FLSA, including the application of a three (3) year statute of limitations, the award of liquidated damages, and attorney's fees and costs of litigation pursuant to 29 U.S.C. § 216.

**CLAIMS FOR RELIEF**
**COUNT ONE**
**VIOLATION OF 29 U.S.C. §§ 206 AND 215**

72.

Paragraphs 1 through 71 are incorporated herein by this reference.

73.

At all relevant times, Plaintiff and other Castforce, Inc. Retail Merchandisers were entitled to be paid $7.25 for each and every hour worked for Defendant in a given workweek.

74.

Defendant regularly failed to pay Plaintiff and other Castforce, Inc. Retail Merchandisers the equivalent of $7.25 per hour for each hour worked for Defendant in a given workweek.

75.

Defendant's failure to compensate and other Castforce, Inc. Retail Merchandisers the equivalent of $7.25 per hour for each hour worked for Defendant in a given workweek is a violation of §§ 206 and 215 of the Fair Labor Standards Act of 1938, as amended.

76.

Defendant's violation of §§ 206 and 215 of the Fair Labor Standards Act is intentional and willful.  Said violation gives rise to a claim for relief under the FLSA for unpaid minimum wages compensation for three years prior to the filing of this Complaint, through the date of judgment in this action, liquidated damages in an amount equal to the unpaid compensation, declaratory relief, and reasonable attorney'' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

## CLAIMS FOR RELIEF
## COUNT TWO
## VIOLATION OF 29 U.S.C. §§ 207 AND 215

77.

Paragraphs 1 through 76 are incorporated herein by this reference.

78.

Throughout Plaintiff's employment with Defendant, Plaintiff and other Retail Merchandisers regularly worked in excess of forty (40) hours per week.

79.

Defendant paid Plaintiff and other Retail Merchandisers no wages at all for the overtime hours worked by them.

80.

Defendant were legally required to pay Plaintiff and other Retail Merchandisers at the rate of time and one half of his/her regular rate for all hours worked in excess of forty (40) in any and every given workweek,

81.

Defendant has failed and refused to adequately compensate Plaintiff and the class he represents at the legally required overtime wage for all work hours over forty (40) in any and every given workweek, and have willfully refused to rectify the situation.

82.

Defendant's failure to compensate Plaintiff and the class he represents at the overtime rate of time and one half of his/her regular hourly rate for all hours actually worked over forty (40) hours per week is a violation of §§ 207 and 215 of the Fair Labor Standards Act of 1938, as amended. Such violation is intentional and willful.  Said violation gives rise to a claim for relief under the FLSA for unpaid overtime wage compensation for three years prior to the filing of this Complaint, through the date of judgment in this action, liquidated damages in an amount equal to the unpaid compensation, declaratory relief, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

**WHEREFORE**, Plaintiff requests that this Court:

(a) Take jurisdiction of this matter;

(b) Permit this case to proceed as an FLSA collective action under 29 U.S.C. § 216(b) for those employees, past or present, who opt to participate by filing proper written notice with the Court;

(c) Issue an Order holding the Defendant to be an "employer" as that term is defined under the FLSA;

(d) Grant a trial by jury as to all matters properly triable to a jury;

(e)     Issue a judgment declaring that Plaintiff and the class he represents were covered by the provisions of the FLSA and that Defendant have failed to comply with the requirements of the FLSA;

(f)     Award Plaintiff proper payment of minimum wages for each hour worked from three years preceding the filing of this Action, and liquidated damages equaling 100% of that amount, as required by the FLSA;

(g)     Award Plaintiff proper payment for each overtime hour worked from three years preceding the filing of this Action, calculated at the rate of time and one half the regular hourly rate paid to Plaintiff by Defendant, and liquidated damages equaling 100% of the overtime wages due to Plaintiff, as required by the FLSA;

(h)     Award each member of the class Plaintiff represents minimum wages for all hours worked in each and every workweek, and liquidated damages equaling 100% of this amount, from three years preceding the filing with this Court of that class member's signed Consent to Join FLSA Action;

(i)     Award each member of the class Plaintiff represents overtime pay at the rate of time and one half their regular hourly rate(s) for each hour

worked in excess of forty (40) in each and every workweek, and liquidated damages equaling 100% of this amount, from three years preceding the filing with this Court of that class member's signed Consent to Join FLSA Action;

(j)    Award Plaintiff and each member of the class he represents, prejudgment interest on all amounts owed;

(k)    Award Plaintiff and each member of the class he represents, nominal damages;

(l)    Award Plaintiff and each member of the class he represents, their reasonable attorneys' fees and costs of litigation; and

(m)    Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted this 1st day of September 2015.

/s/ Mitchell D. Benjamin
Mitchell D. Benjamin
Georgia Bar No. 049888
Charles R. Bridgers
Georgia Bar No. 080791
Matthew W. Herrington
Georgia Bar No. 275411

**DELONG, CALDWELL, BRIDGERS,
FITZPATRICK & BENJAMIN, LLC**
3100 Centennial Tower
101 Marietta Street, NW
Atlanta, Georgia 30303
(404) 979-3150 Telephone
(404) 979-3170 Facsimile
benjamin@dcbflegal.com
charlesbridgers@dcbflegal.com
matthew.herrington@dcbflegal.com        ATTORNEYS FOR PLAINTIFF